IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME ROBERT MITCHELL, | No. 2:22-CV-0278-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| DESIMONE, et al., | |
| Defendants. | |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint, ECF No. 1.

   The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

### I. PLAINTIFF'S ALLEGATIONS

Plaintiff brings suit against the following three defendants: (1) Desimone, a correctional officer (CO) at California State Prison, Sacramento (CSP-SAC), in his official and individual capacities; (2) Jeff Lynch, warden at CSP-SAC, in his official and individual capacities; and (3) the Administration Classification Committee (possibly intending to name the CSP-SAC Institutional Classification Committee).

Plaintiff does not indicate specific legal bases for his claims, but alleges two related causes of action based on two incidents at CSP-SAC. Both are apparently substantiated in part by included documentation from medical and psychology staff at the facility. See ECF 1, pg. 7.

The first incident occurred on August 22, 2021. It appears from Plaintiff's complaint and accompanying documentation that Plaintiff was assaulted by three fellow inmates in the general population yard. See id. at 4, 7. This is apparently the second time Plaintiff has been the victim of a three-on-one assault, the first occurring at Richard J. Donovan Correctional Facility (RJD) in San Diego; Plaintiff claims that safety concerns following this first assault were partially responsible for his transfer to CSP-SAC. See id.

The second incident apparently occurred on either August 29 or August 31, 2021; dates in Plaintiff's complaint are inconsistent. See id. at 3, 14. At or around 5:00 p.m., during "pill call," Plaintiff was the victim of an assault perpetrated by two fellow inmates, named in the complaint as Inmate Hilton and Inmate Ellis. See id. at 3. Plaintiff alleges that Inmate Hilton punched him in the back of the head, causing him to fall on all fours; when he got up, Inmate Ellis apparently produced a "prison knife" and stabbed Plaintiff in the hand and forehead. See id. The injuries required stitches. See id. at 3, 7, 8.

### A. Failure to Protect - Defendant Desimone

Plaintiff alleges that Defendant Desimone witnessed the August 29 or 31 assault and stabbing by inmates Ellis and Hilton, but failed to intervene. He alleges that Defendant Desimone instead "froze up and watched." Id. at 3. He claims that the "tower" issued no verbal commands, and that in the absence of CO intervention, he was forced to run across the compound while bleeding profusely in order to escape the assault. See id. Plaintiff alleges that he was housed in the C section, where the incident took place, but that Inmate Hilton was not. See id. Instead, he alleges that Inmate Hilton was "allowed into the section." Id. Plaintiff alleges that because of Defendant Desimone's inaction, he was punched in the back of the head and stabbed in the forehead and hand, injuries which required a total of 18 stitches. See id. In describing the failure of CSP-SAC staff to prevent his own assaults, Plaintiff also alleges that on January 8, 2022, an inmate killed his cellmate. See id.

### B. Failure to Protect - Defendant Lynch

Plaintiff alleges that Defendant Lynch knew or should have known that inmates at CSP-SAC, who have had their care lowered from Enhanced Outpatient Program (EOP) to a lower level of care, have been targeted and attacked by other prisoners. In support of this allegation, he provides a report titled "Classification Committee Chrono," dated June 11, 2020, which appears to detail the results of a CSP-SAC B Facility EOP General Population (GP) Institutional Classification Committee (ICC) hearing regarding another inmate's prison assignment status. See id. at 16. In the report, the committee states that "recently, SAC has noticed the inmates which have had their level of care lowered from EOP to [Correctional Clinical Case Management System (CCCMS)] are being targeted by the general population inmates when released to B or C Facility general population." Id. The report also includes a recommendation that, taking into account various other factors of the inmate's incarceration, the inmate in question be transferred to another facility to prevent them from becoming the victim of violence from other inmates. See id. Plaintiff claims that his care had been lowered from EOP before he was attacked, although he does not specify the particular level of care he was receiving when he was attacked and this information is not present in the documentation provided. See id. at 4. He asserts that, based on

3

this report, CSP-SAC was aware of the risk to Plaintiff's safety when his level of care was lowered and he was transferred from being housed with Special Needs Yard (SNY) prisoners to GP, but it did not warn him of the potential danger. See id.

Although Plaintiff names the Administration Classification Committee (ACC) as a defendant in his complaint, it is unclear what, if any, allegations of misconduct he is submitting against that committee.

## II. DISCUSSION

Plaintiff states cognizable claims against Defendants Desimone and Lynch. However, Plaintiff's claim against the ACC is barred by the Eleventh Amendment, and fails to allege an actual connection between the actions of a defendant and a constitutional deprivation.

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves, and to suits against state agencies. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc).

Furthermore, to state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth

1 specific facts as to each individual defendant's causal role in the alleged constitutional
2 deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

3 What, if any, constitutional violation Plaintiff alleges against the ACC is unclear
4 from the complaint. Nevertheless, because the ACC, and CSP-SAC generally, operate as part of
5 the California Department of Corrections and Rehabilitation, Plaintiff's action against the ACC
6 itself is barred. However, Plaintiff will be given an opportunity to file an amended complaint
7 which names an appropriate defendant and expounds upon the claim concerning the Committee.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claim identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file an amended complaint within 30 days of the date of service of this order.

Dated: June 14, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE